1 | JERRY S. BUSBY
Nevada Bar #001107
2 | COOPER LEVENSON, P.A.
6060 Elton Avenue – Suite A
3 | Las Vegas, Nevada 89107
(702) 366-1125
4 | FAX: (702) 366-1857
jbusby@cooperlevenson.com
5 | Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.
6 |

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RALPH IAZZETTA, an individual; ELIZABETH IAZZETTA, an individual | CASE NO. 2:14-cv-01810-JAD-NJK |
| Plaintiff, | |
| vs. | ORDER GRANTING |
| SMITH'S FOOD & DRUG CENTERS, INC., a foreign corporation d/b/a SMITH'S FOOD & DRUG #346; DOES I through XV, inclusive, and ROE CORPORATIONS I through X, inclusive, | **DEFENDANT'S MOTION FOR MISCELLANEOUS RELIEF - REQUEST TO ALLOW ITS CORPORATE REPRESENTATIVE PARTICIPATE TELEPHONICALLY AT THE SETTLEMENT CONFERENCE** |
| Defendants. | |

COMES NOW Defendant SMITH'S FOOD & DRUG CENTERS, INC. ("SMITH'S") by and through its counsel of record JERRY S. BUSBY, ESQ., of the law firm COOPER LEVENSON, P.A. and submits the following Motion for Miscellaneous Relief - Request to Allow its Corporate Representative Participate Telephonically at the Settlement Conference scheduled to take place on October 14, 2015.

## MEMORANDUM OF POINTS AND AUTHORITIES

The Honorable Nancy J. Koppe's Order [Doc. #20] requires that each party and their respective counsel personally attend the Settlement Conference scheduled for October 14, 2015. Plaintiffs, their attorney, and SMITH'S counsel all reside in the Las Vegas Valley and can attend the Settlement Conference with little expense. SMITH'S, on the other hand, is an Ohio corporation and oversees all of its litigation from its office in Cincinnati, Ohio. Thus, any representative with binding settlement authority resides in, or near, Cincinnati and would incur significant expense to

CLAC 3143618.1

travel to Nevada to attend the Settlement Conference.  As such, SMITH'S hereby requests that its corporate designee, "with binding authority to settle this matter up to the full amount of [Plaintiffs'] last demand" (Doc. #20 1:24), be allowed to attend the Settlement Conference on October 14, 2015 by telephone.

While SMITH'S appreciates the value of a settlement conference and realizes that these conferences, much like private mediations, can often result in a settlement even when a settlement seemed unlikely before the conference, the circumstances of this case – as set forth, below – are such that settlement is highly unlikely and SMITH'S representatives should not be compelled to personally attend this Settlement Conference.  Further, Plaintiffs' attorney has recently sent an email to Defense counsel in which he stated that he would stipulate to SMITH'S appearing at the Settlement Conference telephonically.

After this Court's Order to appear at the Settlement Conference was received, SMITH'S counsel reached out to Plaintiffs' attorney to see if he wanted to jointly request that the settlement conference be cancelled – based on previous failed attempts to settle the case.  In the alternative, Defense counsel asked if Plaintiffs' attorney would agree to allow SMITH'S representative to attend the conference by telephone.  After conferring with Plaintiffs, Plaintiffs' attorney sent an email to Defense counsel stating that his clients wanted to proceed with the Settlement Conference but he would "stipulate to allow [SMITH'S] rep to be there telephonically …."  A copy of the email from Plaintiffs' attorney is attached hereto as Exhibit "A".  As such, SMITH'S requests that this Court permit the parties to participate in the Settlement Conference pursuant to this understanding.

SMITH'S realizes, however, that travel expenses and out-of-state appearances are part of the typical course of business for interstate corporations. SMITH'S would not request permission to attend a court-mandated Settlement Conference telephonically without justification beyond simply trying to save money on travel expenses. Some background information on this case will illustrate for this Court why SMITH'S does not believe that settlement is possible, and why SMITH'S should not bear the expense of sending its representative across the country.

Despite repeated requests from SMITH'S counsel, Plaintiffs have **never** produced a demand or made any offer to settle the case.  SMITH'S, on the other hand, has made offers, pushed

2

CLAC 3143618.1

1  settlement talks, and suggested other means of alternative dispute resolution. On February 27, 2015,
2  SMITH'S served Offers of Judgment on Plaintiffs for an amount that would have covered all
3  medical liens, paid Plaintiffs' attorney a typical contingent fee, and still left Plaintiffs with a
4  reasonable amount of money in their pockets. This offer lapsed and was deemed rejected without
5  Plaintiffs ever responding to the offer.

6      After the Offers of Judgment lapsed, this litigation and discovery continued. Sometime later,
7  Plaintiffs' depositions were scheduled and later re-scheduled due to several unforeseeable conflicts.
8  As counsels for the parties worked through the scheduling of the depositions, SMITH'S counsel
9  repeatedly asked Plaintiffs' attorney to consider SMITH'S Offers of Judgment, and asserted that
10  SMITH'S would keep that offer on the table up until the time of the depositions eventually
11  scheduled for April 30, 2015.

12      On the morning of the depositions, Plaintiffs' attorney and Defense counsel had face-to-face
13  discussions during which SMITH'S made an offer in excess of its Offer of Judgment. Said offer was
14  made to avoid litigation expenses and was expressly retracted once the deposition began. Sadly,
15  Plaintiffs never made any counteroffer. SMITH'S counsel was in constant contact with SMITH'S
16  binding representative in order to actively negotiate a settlement prior to the depositions, but
17  Plaintiffs made no effort to negotiate or settle the case. SMITH'S counsel was clear that. if
18  SMITH'S had to spend money to take depositions, defend depositions of its employees, and fully
19  participate in discovery, the money was off the table. Still, no counteroffer was made.

20      Even after the depositions, SMITH'S repeatedly requested a demand or counteroffer from
21  Plaintiffs, to see if settlement was possible. Nothing. SMITH'S was not going to negotiate against
22  itself, and the settlement talks without the good-faith participation of Plaintiffs were entirely
23  fruitless. As such, SMITH'S is now prepared to defend this case up to and including a jury trial.

24      SMITH'S was reasonable and made good faith offers[1] to end this case. Part of the
25  consideration in making its offers was that it could save money on defense costs by ending the
26  litigation. However, now that SMITH'S has been forced to pay defense costs to litigate this case,

27

28  [1] Perhaps even **generous** offers, given the underlying facts.

CLAC 3143618.1

1 │ any offers it will make will not be above the amount previously offered in its Offers of Judgment.

2 │ Again, SMITH'S is prepared to defend itself to the fullest at trial, where it feels it has a strong

3 │ defense to the causes of action alleged by Plaintiffs.

4 │     Considering all of the justifications above, including that Plaintiffs' attorney is agreeable that

5 │ SMITH'S can participate telephonically, SMITH'S requests that it **not** be compelled to fly a

6 │ corporate representative across the country to attend the Settlement Conference scheduled on this

7 │ matter. As such, SMITH'S requests that its corporate representative be allowed to telephonically

8 │ attend the Settlement Conference currently scheduled to occur on October 14, 2015.

9 │     Dated this 17th day of August, 2015.

10 │                         COOPER LEVENSON, P.A.

12 │                         By    /s/ Jerry S. Busby
   │                               Jerry S. Busby
13 │                               Nevada Bar No. 001107
   │                               6060 Elton Avenue – Suite A
14 │                               Las Vegas, Nevada  89107
   │                               Attorneys for Defendant
15 │                               SMITH'S FOOD & DRUG CENTERS, INC.

18 │ IT IS SO ORDERED.
19 │ Dated:  August 18, 2015
20 │                         _____
   │                         United States Magistrate Judge

4